UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | Chapter 7 | |
| ) | Case No. 06-11509 | |
| Sunroom Creations, Inc., ) | Hon. Pamela S. Hollis | |
| ) | Date: June 10, 2010 | |
| Debtor. ) | Time: 10:30 a.m. | |

**Trustee's Application to Employ Accountants and
First and Final Application for Allowance and Payment of Compensation
of Popowcer Katten, Ltd., Proposed Accountants for Trustee**

Jay A. Steinberg, as trustee ("Trustee") of the estate ("Estate") of Sunroom Creations, Inc., debtor ("Debtor"), pursuant to sections 327 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order (i) authorizing the Trustee to employ Popowcer Katten, Ltd. ("Popowcer") as his accountants retroactive to February 1, 2010, and (ii) for the allowance and payment to Popowcer of $225.00 as final compensation for professional services as accountants to the Trustee from February 1, 2010 through the close of this case. In support thereof, Trustee respectfully states as follows:

**Introduction**

1. Debtor commenced this case on September 4, 2006 by filing a voluntary petition for relief under chapter 7 of the Code.

2. Jay A. Steinberg is the duly appointed, qualified and acting chapter 7 trustee in the case.

3. The bar date for filing claims in this case was April 11, 2007.

**Retention of Popowcer**

4. As part of this application, Trustee requests that he be allowed to retain Popowcer as his accountants retroactive to February 1, 2010. Trustee submits to this Court that (a) the Trustee inadvertently failed to previously seek the retention of Popowcer as his

accountants in this case, and (b) as more fully described below, the retroactive retention of Poowcer in this case will not unfairly harm the creditors or other parties in interest.

5. Trustee has selected Popowcer because Popowcer Katten Ltd. has considerable experience in representing bankruptcy Trustees and is qualified to perform the services required by the Estate.

6. Popowcer has agreed to charge for services rendered on behalf of Trustee on a fixed fee basis, as more fully set forth below.

7. To the best of Trustee's knowledge, information and belief, Popowcer does not hold or represent any interest adverse to Debtor's Estate and is a disinterested person within the meaning of section 101(14) of the Code. (A combined affidavit executed by Lois West, a manager of Popowcer, in accordance with the provisions of section 327 of the Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure is attached hereto as Exhibit A.)

**Prior Compensation Received**

8. This is the first and final application for compensation that Popowcer will seek in this case.

**Services Rendered Incurred by Popowcer**

9. The services rendered by Popowcer in this case relate to its preparation of documents as necessary to obtain a waiver from the Internal Revenue Service from the requirement of filing Estate tax returns in this case. In connection with these services, Popwcer analyzed the Estate's cash receipts and disbursements and, to the extent available, the Debtor's pre-petition tax and accounting documents. Popowcer, on behalf of the Trustee corresponded and communicated with the IRS in an effort to obtain a wavier of the Estate's filing requirements.

10. All of the services performed by Popowcer were required for proper representation of the Trustee in this case, are of the type authorized by this Court in similar

cases and were performed and incurred by Popowcer at the request and direction of the Trustee.

**Payment of Compensation**

11. Popowcer has expended more than one hour of professional time in connection with the services listed above. The normal hourly rate charged by Popowcer, by the professional rendering services to the Trustee, is $215.00 per hour. Given the administrative insolvency of this case, Popowcer has agreed to be compensated equal to a fixed fee basis of $225.00 in this case.

12. Popowcer has not entered into any agreement or understanding of any kind, express or implied, with any other entity to share any compensation received or to be received by Popowcer for services rendered as accountants to the Trustee in connection with this case. As stated above, Popowcer has agreed to perform the services to Trustee on a fixed fee basis.

13. Popowcer has not previously received payment of any compensation for services rendered incurred in connection with this case. The affidavit of Lois West in support of this Application is attached as Exhibit A.

14. The proposed source for payment of the compensation requested in this Application are the Estate funds in the Trustee's possession, collected by him during his administration of this case.

**Status of the Case**

15. Trustee has administered all of the assets belonging to this Estate and has completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith. Trustee has waived his request for compensation pursuant to Section 326 of the Code. A final fee application for the Trustee's Attorneys and a request for allowance of administrative expense for post-petition rents and related charges have also been filed concurrently with this Application.

**Financial Condition of the Case**

17. Trustee currently has approximately $3,000.00 on deposit in the Estate's bank accounts. The chapter 7 administrative expenses that are currently owing and those the Trustee anticipates the Estate will incur prior to the closing of this case include 1) the fees and expenses allowed to Popowcer in connection with this final fee application, 2) the fees allowed to Scott & Kraus in connection with its final fee application as counsel to the Trustee, 3) the administrative expense claim of Debtor's landlord for post petition rent and related charges, and 4) any fees which may be due or outstanding to the offices of the United States Trustee and the Clerk of the United States Bankruptcy Court.

18. Following payment of all Chapter 7 administrative expenses set forth above, Trustee estimates there will be insufficient funds available to make a distribution to general unsecured creditors.

WHEREFORE, Jay A. Steinberg, as trustee of the Estate of Sunroom Creations, Inc., debtor, requests the entry of an order:

A. Authorizing the employment of Popowcer as accountants for the Trustee, retroactive to February 1, 2010;

B. Allowing to Popowcer final compensation in the amount of $225.00 for actual and necessary professional services rendered from February 1, 2010 through the close of this case; and

C. For such other and further relief as this Court deems appropriate.

Dated: April 19, 2010

>/s/ Jay A. Steinberg, as trustee
Jay A. Steinberg, Trustee
35 East Wacker Drive  #1550
Chicago, IL  60601

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 7 |
| ) | Case No. 06-11509 |
| Sunroom Creations, Inc., ) | Hon. Pamela S. Hollis |
| ) | Date: |
| Debtor. ) | Time: 10:30 a.m. |

**Combined Rule 2014 and 2016 Affidavit**

State of Illinois )
County of Cook )

I, Lois West, being first duly sworn upon oath, do depose and state as follows:

1. I am a certified public accountant licensed by the State of Illinois and a manager in the Corporate Recovery Services department at the accounting firm of Popowcer Katten, Ltd. The matters set forth herein are true and correct to the best of my knowledge and belief.

2. Neither I nor Popowcer has any connection with debtor, its creditors, any other party in interest or their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

3. Popowcer does not hold or represent any interest adverse to debtor's estate, is not a creditor of debtor and is a disinterested person as that term is defined in 11 U.S.C. § 101(14).

4. I have read the Trustee's Application to Employ Accountants and First and Final Application for Allowance and Payment of Compensation of Popowcer Katten, Ltd., Accountants for Trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Popowcer Katten, Ltd. has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

5. Popowcer Katten, Ltd. has not previously received payment of any compensation for services rendered in connection with this case. Popowcer Katten, Ltd. has not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Popowcer Katten, Ltd and to the extent of the consent to fixed fee compensation as set forth in the Application.

6. Further affiant sayeth naught.

_____
Lois West

Subscribed and Sworn to before me
this 21st day of April, 2010

_____
Notary Public

JUDITH A HUGHES
OFFICIAL SEAL
MY COMMISSION EXPIRES
MAY 27, 2012

Exhibit A